UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASSANDRA PRZENKOP,
Individually, and on behalf of all
others similarly situated,
   Plaintiffs

vs.            Case No

TC PAYROLL, LLC,
a Florida Corporation
d/b/a Dunkin Donuts, and
IGOR PIMENTEL, an individual
   Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, CASSANDRA PRZENKOP, individually, and on behalf of all others similarly situated, and files this Complaint for violation of the Fair Labor Standards Act and states as follows:

## JURISDICTION

Jurisdiction is this Court is proper as this claim is for failure to pay overtime and unlawful retaliation brought pursuant to the Fair Labor Standards Act, as amended ("FLSA") 29 U.S.C. §201, et.seq.

## VENUE

Venue is proper in this Court as the Plaintiff resides within the Southern District of Florida and Defendants maintain business operations within the District.

## **PARTIES**

1. Plaintiff was employed as Store Manager of Defendants from August 2016 until January 13, 2018.

2. While working for Defendants, Plaintiff was an "employee" within the meaning of the FLSA.

3. Plaintiff's immediate supervisor was, at the time of her employment, Defendant Igor Pimentel. Defendant Pimentel is a person who acted directly in the interest of Defendant TC Payroll in relation to Plaintiff and, therefore, was an "employer" within the meaning of the FLSA.

4. During Plaintiff's employment, Defendant TC Payroll, LLC. was and continues to be engaged in business in Martin County, Florida.

5. Defendant TC Payroll, LLC. is an employer as defined by 29 U.S.C. §201, et.seq.

6. During Plaintiff's employment, Defendant TC Payroll, LLC. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

7. Based on information and belief, the annual gross revenue of Defendant TC Payroll, LLC. is in excess of $500,000.00 per annum.

8. While employed by Defendants, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA.

9. The individuals who may become Plaintiffs in this collective action are Store Managers of Dunkin Donuts franchises owned by the same owners that own TC Payroll.

## FACTUAL ALLEGATIONS

10. While Plaintiff Przenkop title was Store Manager, she did not meet the requisite duties to be exempt from the payment of overtime under the law. Additionally, on more than one occasion, Defendant Pimentel made improper deductions from her salary.

11. Plaintiff was improperly treated as exempt from overtime and was scheduled to work at least 48 hours per week, sometimes exceeding that number of hours. During her initial months of employment, Plaintiff worked as much as 60 hours per week.

12. Although Plaintiff had certain managerial duties, most of her time was spent performing the same tasks as other employees who were non-exempt.

13. There were numerous times that Plaintiff had to work late to be able to perform her managerial duties.

14. Plaintiff was told that she had the authority to hire and fire employees, however, her decisions were overturned on several occasions.

15. Plaintiff was given a set number of hours from which she could assign employers to work schedules.

16. Plaintiff was responsible for ordering supplies to ensure that her location was stocked, but on numerous occasions Defendant Pimentel cut the order that Plaintiff placed.

17. In addition to serving customers, Plaintiff was assigned non-managerial duties by Defendant Pimentel. For example, in the document supporting Plaintiff's termination, Defendant Pimentel directed Plaintiff to stock the coffee display before she left the store, which Plaintiff failed to complete that day.

18. Plaintiff attempted to resolve this matter informally without litigation but was not successful.

## **COUNT 1 FLSA OVERTIME CLAIM**

The foregoing paragraphs are hereby incorporated by reference into this Count.

19. The FLSA mandates that employers compensate non-exempt employees at time and one-half the employee's regular rate for all hours worked in excess of 40 hours in a work week.
20. The FLSA 29 U.S.C. 13(a)(1) provides an exemption from overtime for executive employers.
21. Plaintiff's primary duty was not management.
22. Plaintiff had improper deductions made from her salary on more than one occasion.
23. Plaintiff did not meet the exemption and should have been paid overtime.

WHEREFORE, Plaintiff, seeks judgment against the Defendant as follows:

a. That this Court certify that action as a collection action pursuant to 29 U.S.C. §216(b);
b. An award of compensatory damages for the unpaid overtime wages owed to Plaintiff pursuant to 29 U.S.C. §216(b);
c. An award of liquidated damages in the amount equal to the award of compensatory damages pursuant to 29 U.S.C. §216(b);
d. Judgment that Defendants' violations were willful;
e. An award of reasonable attorney's fees and costs incurred by Plaintiff in bringing this action; and

   f. All such further relief as the Court deems just and equitable.

## COUNT 2 RETALIATION

The foregoing paragraphs are hereby incorporated by reference into this Count.

24. On January 5, 2018, Plaintiff complained to Defendant Pimentel about an improper deduction from her salary.
25. On or about January 10, 2018, Plaintiff contacted the Department of Labor to inquire about the legality of withholding a portion of Plaintiff's salary due to absences, specifically when there was a doctor's excuse.  Plaintiff was advised she could file a complaint with the Department of Labor as such a deduction was not proper.
26. On January 12, 2018, Plaintiff complained about an improper deduction from her salary due to an illness for which she provided a medical excuse.  During the same phone call, Plaintiff advised Defendant Pimentel that she had contacted the Department of Labor and been advised that such a deduction was not legal.
27. On January 13, 2018, Defendant Pimentel terminated Plaintiff's employment.
28. Plaintiff was terminated for complaining about illegal deductions from her salary.
29. Defendants' retaliation caused Plaintiff emotional distress.

WHEREFORE, as a result of Defendants' willful violations of the FLSA, Plaintiff Przenkop is entitled to recover back pay, front pay, damages for emotional distress, mental anguish, costs and attorney's fees plus liquidated damages.

## **JURY DEMAND**

Plaintiff, hereby demands a trial by jury.

Dated: July 10, 2018                    Respectfully submitted,

*/s/Beth Coke*
Beth Coke
Coke Employment Law
131 N. 2nd Street, Suite 204
Fort Pierce, Fl. 34950
Telephone: (772) 252-4230
Facsimile: (772) 252-4575
Attorney for Plaintiffs