UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:18-CV-14265-ROSENBERG/MAYNARD

CASSANDRA PRZENKOP,

    Plaintiff,

v.

TC PAYROLL, LLC, et al.,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AS TO EXEMPTION**

This matter is before the Court on Plaintiff's Motion for Summary Judgment as to Exemption [DE 29]. The motion has been fully briefed. For the reasons set forth below, the Motion is denied.

Plaintiff seeks summary judgment on the issue of whether or not she was exempt from the overtime requirements of the Fair Labor Standards Act under what is called "the executive exemption." 28 U.S.C. § 207(a)(1). In order for an employee to qualify for the executive exemption, "the employee's primary duty must be managing the enterprise." *Id.* Plaintiff argues that her primary duty was not managing an enterprise. For support, Plaintiff cites to her own affidavit, wherein she attests that, for the most part, she worked side-by-side with regular employees performing non-managerial work. DE 30-1.

Defendant argues that Plaintiff's affidavit should not be credited. Defendant argues that because Plaintiff had so many managerial duties the Court should not accept as a matter of law that Plaintiff spent most of her time on non-managerial duties. For support, Defendant cites to a supervising manager's affidavit, wherein Defendant contends that Plaintiff's duties included

hiring new employees, setting employee schedules, ensuring compliance with franchise protocols, recording sales, evaluating employee performance, resolving customer grievances, ordering supplies, opening and closing the premises, securing and depositing cash, ensuring compliance with health and safety regulations, and financial audits.  DE 38-1.

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).  The Court does not weigh conflicting evidence.  *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007).  Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment.  *See id*.  Viewing the evidence in the light most favorable to Defendant there is, at a minimum, a dispute of material fact over whether Plaintiff's primary duty was managing an enterprise.  For this reason, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 16th day of April, 2019.

                                                                                      ROBIN L. ROSENBERG
                                                                                      UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record